IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWIGHT L. ALLEN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV210-076

STATE OF GEORGIA; THURBERT
BAKER, Attorney General, in his
individual and official capacities;
CAMDEN COUNTY; CITY OF
ST. MARYS; AMANDA F. WILLIAMS,
Judge, individually and in her official
capacity; STEPHEN KELLEY and
DIANNE DODDS, District Attorneys' office,
individually and in their official capacities;:
County Commissioners PRESTON
RHOVES, KATHERINE ZELLS;
STEPHEN BERRY; CHARLENE SEARS;
DAVID RAINER, all individually and in their
official capacities; TOMMY GREGORY,
Sheriff; City Council members JERRY
LOCKHART, L. J. WILLIAMS, GARY
BLOUNT, BILL DELOUGHY, LARRY
JOHNSON, BULL WEAVER, individually
and in their official capacities; ROWLAND
ESKRIDGE, Mayor, individually and in
official capacity; BRENT GREEN, County
Attorney, individually and in his official
capacity; SUSAN L. WALDRON,
Clerk Superior Court, individually and in
her official capacity; and JOHN DOE,
City Manager, individually and in his/her
official capacity,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Hancock State Prison in Sparta, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against

officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Allen v. Gregory, et al., CV209-146 (S.D. Ga. Feb 8, 2010) (dismissed for failure to state a claim upon which relief may be granted); (2) Allen v. Gregory, et al., CV209-156 (S.D. Ga. Mar. 11, 2010) (dismissed for failure to state a claim upon which relief may be granted); and (3) Allen v. Hamilton, et al., CV209-35 (S.D. Ga. Jul. 21, 2009) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three

previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff asserts that his incarceration violates his Sixth Amendment right to a speedy trial and his Fourteenth Amendment right to equal protection. Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint or at any time. Accordingly, the Court **VACATES** its May 12, 2010 Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of July, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE